IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| W. Travis Boyd, | ) | Civil Action No.  8:14-cv-02598-MGL-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local

Civil Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff brought this

action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the

Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for

disability insurance benefits ("DIB").  For the reasons set forth below, it is recommended

that the decision of the Commissioner be reversed and remanded for administrative action

consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

On March 25, 2011, Plaintiff filed an application for DIB, alleging an onset of

disability date of September 20, 2010. [R. 122–24.]  The claim was denied initially and on

reconsideration by the Social Security Administration ("the Administration"). [R. 99–102.]

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties
declined to consent to disposition by a magistrate judge.

Plaintiff requested a hearing before an administrative law judge ("ALJ"), and, on August 30, 2012, ALJ Harold Chambers conducted a de novo hearing on Plaintiff's claim.  [R. 32–69.]

The ALJ issued a decision on October 26, 2012, finding Plaintiff not disabled.  [R. 16–27.]  At Step 1,[2] the ALJ found Plaintiff met the insured status requirements of the Social Security Act ("the Act") through December 31, 2015, and had not engaged in substantial gainful activity since September 20, 2010, the alleged onset date. [R. 18, Findings 1 & 2.]  At Step 2, the ALJ found Plaintiff had the following severe impairments: back injury sustained while he was in the Army and subsequently required surgical intervention in 1997, a subsequent surgery was required in 2010 which resulted in residual lower back pain, asthma, situational depression, anxiety disorder and morbid obesity.  [R. 18, Finding 3.]  At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R. 18, Finding 4.]  The ALJ specifically considered Plaintiff's mental impairments under Listings 12.04 and 12.06.  [R. 19–20.]

Before addressing Step 4, Plaintiff's ability to perform his past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). Function by function, the claimant is able to lift up to 10 pounds occasionally and lift or carry less than 10 pounds frequently (e.g., small tools, file folders). The claimant is able to stand or walk up to two to three hours in an eight hour day and is able to sit up to five or six hours in an eight hour day. She requires a sit/stand option defined as follows: can sit or stand consistent

---

[2]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

with the exertional limits described above; cannot be off task over five percent of the workday (off task time is above and beyond normal breaks, calculates to approximately 3 minutes per hour per 2 hour segment of work time, and is scattered through each 2 hour work segment in execution of change from sitting to standing to walking, etc.), cannot leave the work station during exercise of sit/stand option, and can sit at one time for up to 30 minutes and can stand or walk up to 30 minutes. The claimant can operate push controls with bilateral (either extremity) upper extremities occasionally, and can operate foot controls with bilateral (either extremity) lower extremities occasionally. The claimant cannot climb ropes, ladders and scaffolds, but can occasionally climb ramps and staircases (no more than four to six steps at anyone time, and with the assistance of a single handrail The claimant can occasionally balance. The claimant is limited to jobs which can be performed while using a hand-held assistive device for balancing (e.g., an elbow crutch), but only for uneven terrain or prolonged ambulation. Prolonged ambulation is defined as walking for greater than 30 minutes at a time. While using such device, the contra-lateral upper extremity (i.e, the opposite hand and arm) can be used to lift or carry up to the exertional limits. The claimant is able to occasionally stoop, but cannot crouch, kneel or crawl. The claimant should avoid concentrated exposure to extreme cold, heat and excessive vibrations, as well as must avoid concentrated exposure to environmental irritants (e.g., fumes, odors, dust, gases), poorly ventilated areas, and chemicals. The claimant must avoid all exposure to hazards (e.g., use of moving machinery and exposure to unprotected heights). The claimant is limited to routine tasks and cannot engage in fast-paced production rate work or fast-paced work in general.

[R. 20–21, Finding 5.]  Based on this RFC finding, the ALJ determined at Step 4 that

Plaintiff could not perform his past relevant work as a server/waiter.  [R. 25, Finding 6]; but

based on his age, education, work experience, RFC, and the testimony of a vocational

expert, there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform.  [R. 26, Finding 10].  On this basis, the ALJ found Plaintiff had not

been under a disability as defined by the Act from September 20, 2010, through the date of the decision.  [R. 27, Finding 11.]

Plaintiff requested Appeals Council review of the ALJ's decision, but on April 29, 2014, the Council declined.  [R. 1–5. ]  Plaintiff filed this action for judicial review on June 26, 2014.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and that remand is necessary because the ALJ: failed to give sufficient consideration to the Department of Veterans' Affairs ("VA") disability rating; failed to accord adequate weight to the opinion of Dr. William Warmath, Plaintiff's treating neurosurgeon; and improperly found Plaintiff's limited activities of daily living proved he could engage in full time, sustained work activity.  [Doc. 12 at 14–20.]

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence.  The Commissioner alleges that the ALJ: properly gave little weight to the VA's September 2011 decision; properly assigned little weight to Dr. Warmath's December 2011 opinion; and properly considered Plaintiff's daily activities when he assessed Plaintiff's RFC.  [Doc. 14 at 12–19.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to

support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963))("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision).  Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence.  *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient

reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).   Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'"  *Vitek  v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)).  Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g).  *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision).  To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled).   Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation.

6

*See Radford v. Comm'r*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand.").  After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction.  *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).  A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the

reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[3]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[3]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).  The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.  20 C.F.R. § 404.1520.  Through the fourth step, the burden of production and proof is on the claimant.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  The claimant must prove disability on or before the last day of her insured status to receive disability benefits.  *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Grant*, 699 F.2d at 191.  If at any step of the evaluation the ALJ can find

an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §

404.1520(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.     *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant

physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit,

whether or not a profit is realized, *id.* § 404.1572(b).  If an individual has earnings from

employment or self-employment above a specific level set out in the regulations, he is

generally presumed to be able to engage in substantial gainful activity.  *Id.* §§

404.1574–.1575.

### B.     *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform

basic work activities. *See id.* § 404.1521.  When determining whether a claimant's physical

and mental impairments are sufficiently severe, the ALJ must consider the combined effect

of all of the claimant's impairments.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a

disability claimant as a whole person and not in the abstract, having several hypothetical

and isolated illnesses. *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that,

when evaluating the effect of a number of impairments on a disability claimant, "the

[Commissioner] must consider the combined effect of a claimant's impairments and not

fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings

as to the effect of a combination of impairments when determining whether an individual

is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or

10

her evaluation of the combined effects of the impairments.").   If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B).

### C.    *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d).

### D.    *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[4] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. § 404.1560(b).

### E.    *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See Hunter v. Sullivan*, 993 F.2d

---

[4]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a).

11

31, 35 (4th Cir. 1992); 20 C.F.R. § 404.1520(f)–(g).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[5]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931. In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. § 404.1569a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").  The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50.  For the

---

[5]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs.  20 C.F.R. § 404.1569a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.* Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  § 404.1569a(c)(1).

12

vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520.  The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).  In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship

13

and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. § 404.1527(c). Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).  The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability.  20 C.F.R. § 404.1517.  Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary.  *Id.*

## V.     Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'"  *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain."  *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

15

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
> 
> ...
> 
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself,

> support a finding of disability. Objective medical evidence of
> pain, its intensity or degree (i.e., manifestations of the
> functional effects of pain such as deteriorating nerve or muscle
> tissue, muscle spasm, or sensory or motor disruption), if
> available, should be obtained and considered. Because pain
> is not readily susceptible of objective proof, however, the
> absence of objective medical evidence of the intensity,
> severity, degree or functional effect of pain is not
> determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been

superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed.

Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about

pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements

by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485;

*see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the

record. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ

must articulate specific and adequate reasons for doing so, or the record must be obvious

as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Although credibility determinations are generally left to the ALJ's discretion, such

determinations should not be sustained if they are based on improper criteria. *Breeden*,

493 F.2d at 1010 ("We recognize that the administrative law judge has the unique

advantage of having heard the testimony firsthand, and ordinarily we may not disturb

credibility findings that are based on a witness's demeanor. But administrative findings

17

based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Consideration of VA Disability Rating**

Plaintiff alleged disability based on multi level degeneration disc disease of the lumbar spine.  [R. 149.]  Plaintiff contends that the Commissioner, in reaching the decision that he was not disabled, erred by failing to properly consider the VA disability determination that Plaintiff was unable to work due to his service connected disabilities. He contends the ALJ's analysis did not comply with the standards set forth in *Bird v. Comm'r*, 699 F.3d 337 (4th Cir. 2012).  [Doc. 12 at 14–16.]  The Commissioner argues that the ALJ's decision did comply with the standards set forth in *Bird* because the ALJ "articulated specific, compelling reasons for deviating from the VA's rating decision" based on his assessment of the evidence.[6]  [Doc. 14 at 14.]  Upon review, this Court agrees with Plaintiff.

### *The VA disability rating*

The Department of Veterans' Affairs issued a rating decision dated December 30, 2011, and effective September 1, 2011, finding Plaintiff unemployable (permanently and totally disabled) "due to service-connected factors such as: lumbar strain/herniated L5-S1 disc; radiculopathy of the right/left lower legs; and lumbar laminectomy scar."  [R. 125–27.] The decision was based on documentation found in Plaintiff's "outpatient treatment reports and VA exams."  [R. 126.]  Treatment notes from July 14, 2011, indicate Plaintiff received

---

[6]The Commissioner does not contend that the *Bird* decision is inapplicable to this case.

18

service connected/rated disabilities of 100% due to the following rated disabilities: degenerative arthritis of the spine (100%); asthma, bronchial (30%); paralysis of sciatic nerve (10%); and superficial scars (10%).  [R. 467.]

### ALJ's Consideration of the VA Disability Rating

The ALJ explained the weight he assigned to the VA decision as follows:

> I have also considered the decision of the Department of Veterans Affairs, who determined the claimant was is unable to work effectively September 1, 2011 based on the medical evidence and the allegations of the claimant and granted him monetary assistance (Exhibit 2D, page 1). To that end, the Veteran's Affairs department found that he is permanently and totally disabled due to his disabilities (Exhibit 2D, page 2). Although the Veterans Affairs Department considered much of the same evidence in the record, their opinion has no bearing on the undersigned decision as the criteria utilized by this department is separate and distinctive from criteria utilized by the Social Security Administration.  Moreover, the decision as to whether the claimant is disabled is reserved for the Commissioner.  For these reasons, I gave this opinion little weight. I did consider it, but the criteria for a VA disability decision differs so dramatically from SSA's criteria that such decision is not dispositive.

[R. 25.]

### Discussion

While a VA disability determination is not binding on the Commissioner, it can nevertheless be entitled to substantial weight, and in determining whether a claimant is entitled to DIB, an ALJ should explain the consideration given to a VA disability decision. *Bird v. Comm'r*, 699 F.3d 337, 343–44 (4th Cir. Nov. 9, 2012) ("SSA must give substantial weight to a VA disability rating"); *see also* SSR 06–03P, 2006 WL 2329939, at * 7(SSA) (ALJ "should explain the consideration given to [the VA disability determination] in notice

19

of decision ...").  While the ALJ acknowledged the existence of the VA's December 2011 decision, the only explanation made by the ALJ regarding his assignment of "little weight" was that "the criteria utilized by this department is separate and distinctive from criteria utilized by the Social Security Administration" and that the decision on disability is reserved to the Commissioner.  Further, the ALJ stated that the opinion of the Veterans Affairs Department had "no bearing" on his decision.  The ALJ did not discuss in any detail why or how he assigned weight to the VA rating decision; instead, the ALJ simply dismissed the import of the decision in a conclusory fashion as being made by another governmental agency and not based on Social Security law.  [R. 25.]  *Cf. Kowalske v. Astrue*, No. 10–339S, 2012 WL 32967, at *4 (W.D.N.Y. Jan. 6, 2012) (noting that VA determination is itself entitled to at least some evidentiary weight in addition to the other record evidence, and that the adjudicator should explain the consideration given to this decision); *Jamiah v. Astrue*, No. 1:09-1761-AJB, 2010 WL 1997886, at *16 (N.D.Ga. May 27, 2010) (noting the significance of a VA determination, and that the ALJ must state specifically the weight accorded each item of evidence and the reason for his decision).

While the ALJ's October 26, 2012, decision was issued prior to the Fourth Circuit Court of Appeals November 9, 2012, *Bird* decision, where the Court found that the Administration "must give substantial weight to a VA disability rating," the ALJ has always been required to consider all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements. *See Bird*, 699 F.3d at 343; *see also* SSR 96–8p, 61 Fed.Reg. 34,474–01, at 34,477 (July 2, 1996). The ALJ did not do that in this case.  Curiously, the ALJ noted that both the VA's decision

20

and his decision were based on much of the same evidence in the record with no explanation as to why, upon considering the same evidence, differing outcomes were appropriate. [R. 25.]

Of course, under *Bird*, the Commissioner may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.  *See Bird*, 699 F.3d at 344.  In the instant case, the cursory review and discussion of the VA disability rating provided by the ALJ, while perhaps arguably sufficient before *Bird*, fails to comply with the standard now set by *Bird* that the ALJ must "clearly demonstrate that such a deviation is appropriate." *Id*.  Additionally, although it is certainly possible that the ALJ on remand "may give less weight to [the] VA disability rating [if a finding is made that] the record before the ALJ clearly demonstrates that such a deviation is appropriate," that is a finding that must be made by the ALJ, not by this Court in the first instance. *Id.*  Accordingly, because the undersigned is unable to conclude whether the ALJ would have reached the same conclusion in light of the new *Bird* standard based on the record before this Court, remand to the Commissioner is recommended.[7]  *See Wood v. Colvin*, C/A No. 9:12-3570-MGL, 2014 WL 607707, at *4 (D.S.C. Feb. 18, 2014) (remanding the case so the ALJ could properly discuss the VA disability rating and whether deviation was appropriate under the standard in *Bird*); *Cobbs v. Colvin*, C/A No. 1:12-3472-

---

[7]On the date the Appeals Council denied Plaintiff's request for review, the Appeals Council should have known about the *Bird* decision and should have remanded Plaintiff's case to the ALJ for a sufficient discussion of the VA disability rating pursuant to *Bird*.  *Cf. Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (explaining that the Appeals Council may remand the case to the ALJ when there is an error of law).

JMC-SVH, 2014 WL 468928, at *8–9 (D.S.C. Feb. 4, 2014) (remanding for evaluation of the VA ratings in accordance with the *Bird* standard).

**Plaintiff's Remaining Arguments**

Upon remand, the Commissioner should reconsider the weight given to the medical evidence and Plaintiff's pain complaints as part of the overall reconsideration of this claim. *See Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763–64 (W.D.Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo ).  Additionally, the ALJ should conduct a proper listing analysis under the listings related to disorders of the spine, including Listing 1.00, outlining his consideration of the requisite elements, and explain his consideration of Plaintiff's mental and physical impairments in combination.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the decision of the Commissioner be REVERSED and REMANDED for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO RECOMMENDED.


July 23, 2015                              s/Jacquelyn D. Austin
Greenville, South Carolina                 United States Magistrate Judge